IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RANDOLPH BRADLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | Case No. 3:20-cv-00498 |
| ) | Judge Trauger |
| **RUTHERFORD COUNTY JAIL,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Randolph Bradley, a pretrial detainee in the custody of the Rutherford County Jail in Murfreesboro, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed *in forma pauperis* (IFP), that is, without prepaying fees or costs. (Doc. No. 2.)

The case is before the court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an

initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility where the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.    Initial Review of the Complaint

### A.    PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. Section 1983 Standard

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of

3

rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims

The plaintiff brings this action against the Rutherford County Jail. In his complaint and a subsequent filing captioned "High fiber dietary needs" (Doc. No. 4), the plaintiff alleges that, following his arrest on January 13, 2020, he told Jail officials at booking that he had irritable bowel syndrome (IBS) and required a high-fiber diet. He alleges that pertinent records from a gastroenterologist had been faxed to the Jail in June of 2017, when the plaintiff was incarcerated following a prior arrest. (Doc. No. 4 at 1.) After going without high-fiber meals for a few days, the plaintiff directed a grievance to food services, which delayed responding but ultimately referred him to the medical unit. (Doc. No. 1 at 5.) The plaintiff filed another grievance with food services, explaining that medical had already approved his special diet. (*Id.*) Following another delay, and after the plaintiff had complained to various correctional officers, Officer Macartey intervened on his behalf with both medical and food services and the plaintiff began receiving special, high-fiber meals on February 13, 2020, thirty-two days after he was booked into the Jail. (*Id.* at 6; Doc. No. 4 at 1.) During the intervening time, the plaintiff "had to act as a living scavenger[,] collecting . . . unwanted fiber group foods from other[] inmates" and either sacrificing his breakfast and dinner meals to trade for high-fiber foods or forcing himself to eat what was served to him. (Doc. No. 4 at 2.) As a result, he suffered "abnormal belly pain, bleeding in bowel movements, stamina loss, and body mass weight loss" during that time. (*Id.*)

Although he began receiving high-fiber meals on February 13, 2020, which apparently resolved the symptoms mentioned above, the plaintiff alleges that the high-fiber meals are not

4

"fully high fiber" and "don't meet the recommended amount for a high fiber meal nutrition wise when they have better altern[at]ive[s] to meet these standards and have better fiber food groups that I'm not receiving." (Doc. No. 1 at 6; Doc. No. 4 at 2.) He alleges that he is still suffering from "unreasonable symptoms." (Doc. No. 4 at 2.) As relief, the plaintiff seeks an award of unspecified "financial compensation for pain and suffering." (Doc. No. 1 at 7.)

**D. Analysis**

To begin with, the Rutherford County Jail is not a proper defendant under Section 1983, which creates a cause of action against "[e]very person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "For purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.'" *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978)). A county jail "is a place; it is not a 'person' that can be sued under 42 U.S.C. § 1983." *Tucker v. Salandy*, No. 3:17-cv-00671, 2017 WL 2438401, at *2 (M.D. Tenn. June 6, 2017).

Even if the court broadly construed the claim against the Jail as a claim against Rutherford County, it would be subject to dismissal. "To plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the county] was the 'moving force' behind the deprivation of Plaintiff's rights." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac Cty.*, 606 F.3d 240, 254–55 (6th Cir. 2010)). To the extent that the alleged delay in responding to the plaintiff's food-service grievances and recognizing historical records of his

5

prescription for a high-fiber diet support a Fourteenth Amendment claim for delayed medical treatment,[1] these allegations plainly do not involve the execution of any county policy.

Finally, even liberally construing the pleadings to allege a constitutional violation based on the failure to make "full reasonable efforts" to ensure that the plaintiff's high-fiber meals select from "better fiber food groups," so as to meet nutritional recommendations and alleviate his "unreasonable symptoms" (Doc. No. 4 at 2), he specifically states his belief that the failure to make such efforts is inconsistent with governing standards and policies at the Jail. (*Id.*) These allegations therefore cannot support a municipal liability claim. Nor are they otherwise sufficient to state a viable claim due to their vague, conclusory nature, and the fact that the Constitution only requires that prisoners receive meals that provide adequate nutrition, not meals that meet higher nutritional recommendations or are otherwise ideal for prisoners who suffer IBS symptoms. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint does not state a plausible claim if it tenders "naked assertions devoid of further factual enhancement," or "mere conclusory statements"); *Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (citing *Iqbal* and affirming dismissal of complaint based on failure to allege factual content allowing inference that defendant is liable for any "specific misconduct" with regard to prison meals; stating that "[p]risoners have a constitutional right to meals that meet their nutritional needs[,] . . . [b]ut there is no constitutional right for each prisoner to be served the specific foods he desires").

In sum, this action fails to state a viable claim and must therefore be dismissed.

---

[1] As a pretrial detainee, the plaintiff is protected by the Fourteenth Amendment's Due Process Clause from conduct that the Eighth Amendment would prohibit as against "individuals who have been tried, convicted, and sentenced." *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016). Such conduct includes deliberate indifference to serious medical needs, which supports a cause of action under Section 1983 whether the prisoner is a convict proceeding under the Eighth Amendment or a detainee proceeding under the Fourteenth Amendment. *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017).

**III.     Conclusion**

In light of the foregoing, the plaintiff's application to proceed IFP (Doc. No. 2) is **GRANTED**, and the $350.00 filing fee is **ASSESSED** in accordance with this order. This action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge